1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAM CONSIGLIO,                        )
                                      )
          Plaintiff,                  )    No. C 06-5498 TEH (PR)
                                      )
     vs.                              )    ORDER TO SHOW CAUSE
                                      )    WHY CASE SHOULD NOT BE
JAMES TILTON, WARDEN EVANS,           )    DISMISSED UNDER 28 U.S.C.
A. TUCKER, M. ROSS, D.C.              )    § 1915 (g)
FLETCHER, J. CORE, T. VARIZ, E.       )
MEDINA, DR. WALCOTT,                  )    (Docket No. 2)
                                      )
          Defendants.                 )
                                      )
_____

          Plaintiff, a state prisoner currently incarcerated at Salinas Valley State
Prison and a frequent litigant in the federal courts, has filed a pro se complaint
under 42 U.S.C. § 1983 complaining about the actions of multiple officials at the
California Department of Corrections and Rehabilitation after Plaintiff's transfer
to Salinas Valley State Prison.  Plaintiff has filed a motion seeking leave to
proceed in forma pauperis (docket no. 2).

          Under the PLRA, a prisoner may not bring a civil action or appeal a civil
judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior
occasions, while incarcerated or detained in any facility, brought an action or
appeal in a court of the United States that was dismissed on the grounds that it is
frivolous, malicious, or fails to state a claim upon which relief may be granted,

unless the prisoner is under imminent danger of serious physical injury." 28

U.S.C. § 1915(g); Andrews v. King, 398 F.3d 1113 (9th Cir. 2005).  For purposes

of a dismissal that may be counted under § 1915(g), the phrase "fails to state a

claim on which relief may be granted" parallels the language of Federal Rule of

Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous"

refers to a case that is "'of little weight or importance: having no basis in law or

fact,'" and the word "malicious" refers to a case "filed with the 'intention or desire

to harm another.'" Id. at 1121 (citation omitted).  Only cases within one of these

three categories can be counted as strikes for § 1915(g) purposes, so the mere fact

that Plaintiff has filed hundreds of cases and appeals does not alone warrant

dismissal under § 1915(g).   See id.  Rather, dismissal of an action under §

1915(g) should only occur when, "after careful evaluation of the order dismissing

an [earlier] action, and other relevant information, the district court determines

that the action was dismissed because it was frivolous, malicious or failed to state

a claim." Id.

Andrews requires that the prisoner be given notice of the potential

applicability of § 1915(g).  Id.  Andrews implicitly allows the court to sua sponte

raise the § 1915(g) problem, but requires the court to notify the prisoner of the

earlier dismissals it considers to support a § 1915(g) dismissal and allow the

prisoner an opportunity to be heard on the matter before dismissing the action.

See id. at 1120.  A dismissal under § 1915(g) means that a prisoner cannot

proceed with his action as a pauper under § 1915(g), but he still may pursue his

claims if he pays the full filing fee at the outset of the action.

A review of the dismissal orders in Plaintiff's prior prisoner actions in the

United States District Court for the Eastern District of California and the United

States District Court for the Southern District of California reveals that Plaintiff

2

has had at least three such cases dismissed on the ground that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. Plaintiff has been denied in forma pauperis status by both of those courts under § 1915(g). See Consiglio v. Hickman, Case 2:05-cv-01917-DFL-GGH (E.D. Cal. Aug. 17, 2006) (order of dismissal); Consiglio v. Hornung, Case 3:01-cv-02063-K-AJB (S.D. Cal. Jan. 14, 2002) (order of dismissal).  In Consiglio v. Hickman, Plaintiff was afforded an opportunity to respond to Defendant's motion to dismiss under § 1915(g) regarding his prior dismissals, but failed to do so.

Plaintiff is now given notice that based on the orders in these cases, the Court finds the following dismissals constitute applicable dismissals under § 1915(g): (1) Consiglio v. Przytulski Case No. 3:1992 -cv-00552-K (S.D. Cal. Mar. 4, 1992) (order of dismissal as frivolous or malicious); (2) Consiglio v. Roache, Case No. 3:92-cv-00153-B-BTM (S.D. Cal. July 2, 1992) (order of dismissal for failure to state a claim); and (3) Consiglio v. County of San Diego, Case No. 3:92-cv-00572-EBG-BTM (S. D. Cal. Sept. 4, 1992) (order of dismissal for failure to state a claim). See Andrews, 398 F.3d at 1120 (sometimes the docket records may be sufficient, and sometime the actual court files may need to be consulted).

In light of these orders, Plaintiff is ORDERED TO SHOW CAUSE in writing filed no later than **thirty (30) days from the date of this order** why this action should not be dismissed pursuant to 28 U.S.C. § 1915(g).  If Plaintiff contends that his complaint is exempt from the requirements of § 1915(g) on the grounds that he is in imminent danger of serious physical injury as a result of the allegations in the complaint, he must specifically identify the basis for that assertion.  In the alternative to showing cause why this action should not be dismissed, Plaintiff may avoid dismissal by paying the full $350.00 filing fee by

1    the deadline.

2    SO ORDERED.

3

4    DATED:   04/10/07

5                                        THELTON E. HENDERSON
                                         United States District Judge
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                       4